## McGill, et al. v. Board of Drainage Commissioners of Webster County.

(Decided January 31, 1928.)

(Rehearing Denied, with Modification, March 23, 1928.)

### Appeal from Webster Circuit Court.

1. Drains.—County court order dismissing proceedings to establish ditch as to objector paying agreed sum toward construction thereof, in consideration of releasing his lands from further assessment, and order allowing another objector enough damages for right of way over his land to take care of any assessment against his lands, held to preclude assessment of tract owned by such objectors jointly, as well as lands owned by them individually, without further notice or opportunity to be heard.

2. Appeal and Error.—Where objectors' exceptions to ditch viewers' report are not before Court of Appeals, and orders releasing objectors' lands from further assessment were clearly intended to cover all their lands in drainage district, such court cannot determine whether such exceptions were inapplicable to tract owned jointly by objectors, so as to preclude them from raising objection to assessment thereof, in suit to set aside sale for nonpayment of assessment.

G. L. DRURY for appellants.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This appeal grows out of a suit instituted by appellants against the board of drainage commissioners of Webster county. An assessment was made against appellants for their share of the cost of a certain ditch because of their joint ownership of a tract of 42 acres of land within the drainage district. The assessment against them was for $256.30, and, upon their refusal to

pay, their land was sold and bought in by appellees for the drainage district. The appellants instituted action, wherein it was sought to have the sale of the property adjudged void, and they further sought an injunction against the appellees, including the sheriff, to prevent the execution of a deed pursuant to the sale.

This appeal does not involve a construction of any of the laws governing drainage districts. There is no complaint about the regularity of the proceedings in so far as they relate to the establishment of the drainage district. It appears from the orders of the county court filed as exhibits with the petition in this action that, after a petition had been filed for the establishment of the district as required by law, and after viewers had made their report, the appellants, along with a number of other citizens, appeared and filed objections to the establishment of the ditch, as well as exceptions to the report of the viewers. Before the exceptions came on for trial an agreement was reached whereby the objectors, including S. C. McGill, agreed to pay $1,350 towards the construction of the ditch, and in consideration of such payment the lands of the parties were released from any further assessment for the construction or maintenance of said ditch. A copy of the order shows that the proceedings for the establishment of the ditch were dismissed as to the parties paying the $1,350, including the appellant S. C. McGill.

Jerry McGill also filed exceptions and an agreement was reached with him which was entered in the form of an order. His complaint was that he had not been allowed sufficient money to compensate him for the right of way taken in the establishment of the ditch over his land. The order recites that Jerry McGill is to be allowed enough damages to take care of any assessment that may be made against his lands within the drainage district.

After these two orders were entered a further proceeding was had and the assessment above mentioned was made against the appellants jointly. It is insisted by counsel for appellees that the orders which appear in this record related only to the individual lands owned by each of the appellants and did not relate to the 42-acre tract owned jointly by them. These orders are not susceptible of that construction. The fact that appellants were joint owners of a tract of land within the drainage district does not place it in a different class from the land which they individually owned. After these orders were

entered appellants were out of the case, in so far as any assessment was concerned, and any assessment made against them without further notice or without their having a further opportunity to be heard was illegal and void.

The appellees insist, however, that when the appellants filed exceptions to the report they filed no exceptions as to this particular 42-acre tract. We have nothing before us on that point except the orders filed with the petition, and from them it appears that they were intended to cover all of the lands owned by appellants within the district. If it be true that no exceptions were filed to the report relating to the 42 acres, the appellants are not in position to raise an objection at this time. The exceptions are not before us and we do not know, therefore, whether they applied to the 42-acre tract of land owned jointly by appellants. That is a question that will have to be determined by the lower court. We do not mean to hold in this opinion any more than that the appellants were entitled to notice before the assessment was made against them, and, as it does not appear that they had any notice after the agreed orders were entered, the assessment is void, and they were entitled to the relief sought.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.